UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NICOLO COFFARO, Individually and On
Behalf of All Others Similarly Situated,

                                                                               Civil Case No.

                                       Plaintiff,

       -against-

ONE WEST BANK, FSB and THE FEDERAL DEPOSIT
INSURANCE CORPORATION, As Receiver For
INDY MAC FEDERAL BANK, FSB
                                     Defendants.
_____

## CLASS ACTION COMPLAINT

Plaintiff, NICOLO COFFARO, by and through his attorneys, BLAU LEONARD LAW GROUP LLC, in his individual capacity and on behalf of all others similarly situated, makes the following allegations upon personal knowledge and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This action seeks to redress the systematic failure by Defendants, jointly and severally, to timely present to the County Clerks of New York State, proof that mortgages have been satisfied within the time demanded by New York Real Property Law ("RPL") §275 and New York Real Property Actions and Proceedings Law ("RPAPL") §1921.

2. Plaintiff seeks the following relief for himself and the Class, (a) the statutory damages permitted by RPL §275 and RPAPL §1921; (b) injunctive relief protecting Plaintiff and the Class against Defendants 'further and future violations of RPL §275 and RPAPL §1921; (c) attorney's fees and costs, and (d) all other appropriate

legal and equitable relief and remedies for violations of RPL §275 and RPAPL §1921.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendants, who are each authorized to do business in New York, maintains offices and employees in New York and this District, maintain continuous and systemic contacts with New York and this District, conduct business in New York and this District specifically related to the claims alleged in this Complaint and have sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §1391.

## THE PARTIES

6. Plaintiff is a citizen and resident of City of Yonkers, Westchester County and State of New York.

7. Defendant, THE FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC") is a United States government corporation created by the 1933 Banking Act. The FDIC examines and supervises certain financial institutions for safety and

soundness, performs certain consumer-protection functions, and manages receiverships of failed banks.

8.  Defendant ONE WEST BANK, FSB ("ONE WEST") is a federally chartered corporation with offices at 888 East Walnut Street, Pasadena, California 91101.

9.  ONE WEST conducts business under the name IndyMac Federal Bank, having acquired numerous loans previously serviced or owned by that now-defunct entity, including that of plaintiff, from the FDIC.

10. ONE WEST (through a holding company) completed the purchase of the assets and operations of IndyMac from the FDIC in March 2009. Since the acquisition, ONE WEST has operated the national mortgage banking business of IndyMac.

## STATEMENT OF FACTS

11. IndyMac was an American bank based in California that failed in 2008 and was seized by the FDIC.

12. On July 11, 2008, the FDIC was appointed Receiver for IndyMac Bank, FSB and certain assets and obligations of the failed thrift were transferred to a newly-formed thrift, IndyMac Federal Bank, FSB ("IndyMac Federal"), for which the FDIC was appointed Conservator and Receiver.

13. Before its failure, IndyMac Bank was the largest savings and loan association in the Los Angeles area and the seventh largest mortgage originator in the United States. The failure of IndyMac Bank was the fourth largest bank failure in United States, and the second largest failure of a regulated thrift at that time.

14. In its role as a receiver the FDIC is tasked with protecting the depositors and maximizing the recoveries for the creditors of the failed institution. The FDIC as receiver is functionally and legally separate from the FDIC acting in its corporate role as deposit insurer. Courts have long recognized these dual and separate capacities as having distinct rights, duties and obligations.

15. The FDIC, as receiver, succeeds to the rights, powers, and privileges of the institution and its stockholders, officers, and directors. It may collect all obligations and money due to the institution, preserve or liquidate its assets and property, and perform any other function of the institution consistent with its appointment. It also has the power to merge a failed institution with another insured depository institution and to transfer its assets and liabilities without the consent or approval of any other agency, court, or party with contractual rights. It may form a new institution, such as a bridge bank, to take over the assets and liabilities of the failed institution, or it may sell or pledge the assets of the failed institution to the FDIC in its corporate capacity.

16. Indy Mac held a mortgage on Plaintiff's home located at 161 Whitman Rd., Yonkers, NY 10710.

17. The mortgage, made by Plaintiff to IndyMac in the principal sum of $50,000.00, was recorded on February 5, 2007, as Document No. Control 470120101 in the Office of the County Clerk, Westchester County.

18. The subject mortgage was assigned and consolidated by Agreement recorded on 01/26/2011 in Control No. 502213104 to form a single lien, in the Office of the County Clerk, Westchester County.

19. Neither ONE WEST nor FDIC filed or presented a valid satisfaction of mortgage to release the subject mortgage lien within 30 days.

20. In connection with the subject mortgage, ONE WEST and FDIC failed to file a Satisfaction of Mortgage in compliance with RPL §275 and RPAPL §1921.

21. Plaintiff had no actual or constructive notice of ONE WEST/ FDIC'S violation of RPL

§275 and RPAPL §1921, until September 2021.

22. Plaintiff incurred expenses, including attorney's fees, to compel ONE WEST/ FDIC to execute and to file a Satisfaction of Mortgages in compliance with RPL §275 and RPAPL §1921.

23. ONE WEST/ FDIC caused a Satisfaction of Mortgage to be filed in October 2021 (Exhibit A).

24. The New York Legislature has determined that failure by mortgagees, such as ONE WEST/ FDIC to clear and quiet titles within the deadlines required by RPL §275 and RPAPL §1921 causes both tangible and intangible, actual, concrete, and injuries to aggrieved mortgagors like Plaintiff and the Class. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

25. To address mortgage lenders' failure to file mortgage satisfactions in a timely manner, the New York Legislature amended RPL §275 and RPAPL §1921 in 2005 to impose progressively higher damages to for violations of the statutes by mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days. The statutory damages are to $500.00 after thirty (30) days, $1,000.00 after sixty (60) days, and $1,500.00 after ninety (90) days under each statute.

26. By failing to file a valid and statutorily compliant satisfaction of mortgage with the Westchester County Clerk within ninety (90) days, ONE WEST/ FDIC violated RPL §275 and RPAPL §1921 causing injury to Plaintiff, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

27. Upon information and belief, ONE WEST/ FDIC has failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in class wide violations of RPL §275 and RPAPL §1921.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action pursuant to FED. R. CIV. P. 23(a) and 23(b)(2) on behalf of himself and a Class defined as follows:

> All persons who were the mortgagor party to a mortgage for which ONE WEST BANK, FSB and THE FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For INDY MAC FEDERAL BANK, FSB was a mortgagee/assignee/ successor in interest that was secured by real property located in New York State and for which the authorized principal, interest and any other amounts due or otherwise owed by law was actually made or discharged after April 1, 2009, but ONE WEST BANK, FSB and THE FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For INDY MAC FEDERAL BANK, FSB, N.A. failed to present a certificate of discharge

or satisfaction of mortgage within thirty (30) days to the recording officer of the county in New York where the mortgage was recorded.

29. Excluded from the Class are ONE WEST BANK, FSB and THE FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For INDY MAC FEDERAL BANK, FSB and their subsidiaries, officers, directors, employees, partners and co-venturers, federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

30. While Plaintiff does not know the exact size or identities of the Class, the size of the Class is reasonably believed to contain many thousands of individuals whose identities can be readily ascertained from Defendants' books and records and the property records maintained by the county clerk's offices.

31. There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

(a) whether ONE WEST/ FDIC failed to timely present certificates of discharge or satisfactions of mortgages;

(b) whether ONE WEST/ FDIC violated RPL §275;

(c) whether ONE WEST/ FDIC violated RPAPL §1921; and

(d) Whether Plaintiff and the Class are entitled to damages and/or injunctive relief as a result of ONE WEST/ FDIC BANK'S conduct, and the proper measure of damages and other relief.

32. The factual and legal claims asserted by Plaintiff are typical of the claims of the members of the Class.

33. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained able counsel with extensive experience in consumer practices as well as in class action litigation. 34. The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other Class members.

35. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class are relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them.

38. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. The Court will encounter no difficulty in managing this action as a class action.

39. ONE WEST/ FDIC have acted on grounds that apply generally to the Class; namely failing to ensure that satisfactions of mortgages are timely presented.

## INJURY AND DAMAGES

40. In *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 997 F.3d 436, the Second Circuit recently held that individuals have Article III standing to seek statutory damages for a bank's violation of Real Property Law (RPL) §275 and New Real Property Actions and Proceedings Law (RPAPL) §1921. [collectively "New York mortgage-satisfaction-recording statutes"].

41. The New York mortgage-satisfaction-recording statutes create a "legally protected interest" and that the violation of these statutes produces a "concrete" injury regardless of whether those statutes create "substantive" or "procedural" rights.

42. ONE WEST/ FDIC 'S delay in recording satisfactions of mortgage create a cloud on title to real estate owned by Plaintiff and the Class.

43. ONE WEST/ FDIC 'S delay in recording satisfactions of mortgage create the false appearance that the Plaintiff and class members have not paid his/her/their debt, which can harm the mortgagor's reputation and make it difficult for him/her/it to obtain additional financing.

44. Even if the New York mortgage-satisfaction-recording statutes create only a procedural right, Plaintiff and Class members have still suffered an injury in fact because they suffered material harm: a) the delay adversely affected their credit,

which made it difficult to obtain additional financing; b) it gave the false appearance that they owed a debt; and c) it created a cloud on title.

45. As a result of the concrete and particularized injuries incurred as a foreseeable, direct and proximate result of ONE WEST/ FDIC 'S violations of RPL §275 and RPAPL §1921, Plaintiff and the Class are entitled to the damages set forth by the New York Legislature in RPL §275 and RPAPL §1921.

46. The payment of damages to Plaintiff and the Class as required by RPL §275 and RPAPL §1921 will redress the injuries incurred by Plaintiff and the Class as a direct and proximate result of ONE WEST/ FDIC'S violations of those statutes.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF RPL §275)

47. Plaintiff restates, re-alleges and incorporates by reference all the preceding paragraphs.

48. RPL §275 states:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

49. As it pertains to Plaintiff individually, ONE WEST/ FDIC failed to present a certificate of discharge for recording within ninety (90) days of the date upon which the full amount of principal and interest was paid/discharged/released on Plaintiff's ONE WEST/ FDIC loan.

50. ONE WEST/ FDIC have systematically failed to timely present certificates of discharge, as required by RPL §275.

51. By reason of the foregoing, ONE WEST/ FDIC have violated RPL §275 causing injury to Plaintiff and members of the Class.

52. ONE WEST/ FDIC are liable to Plaintiff and the other members of the Class for the statutory damages that are due for violations of RPL §275.

53. Plaintiff and members of the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for BANK'S violations of RPL §275.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF RPAPL § 1921)

54. Plaintiff restates, re-alleges and incorporates by reference all the preceding Paragraphs.

55. RPAPL §1921 states:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so

requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

56. As it pertains to Plaintiff individually, ONE WEST/ FDIC failed to present a certificate of discharge for recording within ninety (90) days of the date upon which the full amount of principal and interest was paid/discharged/released on Plaintiff's ONE WEST/ FDIC loan.

57. ONE WEST/ FDIC systematically fail to timely present certificates of discharge, as required by RPAPL §1921.

58. By reason of the foregoing, ONE WEST/ FDIC have violated RPAPL §1921 causing injury to Plaintiff and members of the Class.

59. ONE WEST/ FDIC are liable to Plaintiff and the other members of the Class for the statutory damages that are due for violations of RPAPL §1921.

69. Plaintiff and members of the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for BANK'S violations of RPAPL §1921.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against ONE WEST/ FDIC, as follows:

A. An order certifying this case as a class action under FED. R. CIV. P. 23(a), (b)(2) and (b)(3) and appointing Plaintiff and his counsel to represent the Class.

B. On Plaintiff's First Cause of Action, awarding judgment against ONE WEST/ FDIC and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as a result of ONE WEST/ FDIC BANK'S violations of RPL §275.

C. On Plaintiff's First Cause of Action, awarding judgment against ONE WEST/ FDIC and ordering the payment of actual compensatory damages that Plaintiff and the other members of the Class are entitled as a result of ONE WEST/ FDIC 'S violations of RPL §275.

D. On Plaintiff's' Second Cause of Action, awarding judgment against ONE WEST/ FDIC and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as result of ONE WEST/ FDIC 'S violations of RPAPL §1921.

E. On Plaintiff's' Second Cause of Action, awarding judgment against ONE WEST/ FDIC and ordering the payment of actual compensatory damages that Plaintiff and the other members of the Class are entitled as result of ONE WEST/ FDIC'S violations of RPAPL §1921;

F. Entering a permanent injunction enjoining ONE WEST/ FDIC'S continuing and future violations of RPL §275 and RPAPL §1921;

G. Pre-judgment and post-judgment interest to fullest extent permitted by law;

H. Awarding Plaintiff and the Class costs and attorneys' fees; and

I. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

Dated: October 13, 2021

BLAU LEONARD LAW GROUP, LLC

_____
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 105
Huntington, New York 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*

# Exhibit "A"

CIT/ROL
Loan #: 8800405378-ER
*997821*

## STANDARD FORM OF SATISFACTION OF MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS, THAT:**
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, F.S.B, whose address is c/o CIT Bank, 75 N. Fair Oaks Ave., Pasadena, CA 91103 does hereby certify that the following mortgage has been paid or otherwise satisfied and does hereby consent that the same be discharged of record. Mortgage dated the 12/8/2006 by NICOLO COFFARO AND CRISTINA COFFARO to INDYMAC BANK F.S.B., A FEDERALLY CHARTERED SAVINGS BANK in the principal sum of $50,000.00 and recorded on 2/5/2007, in Mortgage record as Document No. CONTROL # 470120101 in the office of the clerk of the County of WESTCHESTER in the State of New York, described as follows:
Section: 4 Block: 4334 Lot: 39,

Property Address: 161 WHITMAN RD, YONKERS, NY 10710

**IN WITNESS WHEREOF**, Lender has duly executed this standard form of satisfaction of mortgage as set forth herein as of the 22th day of September, 2021.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, F.S.B

BY _____
Name: Jeanie Caldwell
Title: Attorney In Fact

POA Recorded: 2-18-2010 as
Instrument No. 500403637

RELEASE PREPARED BY AND
AFTER RECORDING RETURN TO:

Charles A. Brown & Associates, P.L.L.C.
Charles A. Brown, Attorney at Law
2316 Southmore
Pasadena, TX 77502
713-941-4928
Charles A. Brown & Associates, P.L.L.C. d/b/a DocSolution, Inc. did not prepare a title search of the property encumbered by the security instrument described herein. The preparer of this document makes no representation as to the status of the title, loan history, property use or zoning regulations concerning described property herein assigned, transferred or conveyed nor any matter except the validity of the form of this instrument. Information herein was provided to preparer by Grantor/Grantee and/or their agent. No boundary survey was made at the time of this assignment, transfer or conveyance.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

On SEP 2 8 2021 before me, Stephanie Jo Takahashi, a Notary Public, personally appeared Jeanie Caldwell, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.



NOTARY PUBLIC, STATE OF CALIFORNIA
NOTARY PRINTED NAME: STEPHANIE JO TAKAHASHI

For Notary Seal:

STEPHANIE JO TAKAHASHI
Notary Public - California
Los Angeles County
Commission # 2261800
My Comm. Expires Nov 4, 2022

Mortgage dated 12/8/2006 in the amount of $50,000.00
Property Address: 161 WHITMAN RD, YONKERS, NY 10710

# DEMAND FOR PRESERVATION

PLEASE TAKE NOTICE that ONE WEST BANK, FSB and THE FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For INDY MAC FEDERAL BANK, FSB ("Defendants") are under a legal duty to maintain, preserve, retain, protect, and not destroy any and all evidence, documents and data, both electronic and hard copy, and/or tangible items pertaining or relevant to property discoverable regarding to all of the claims made in this litigation.

This notice applies to Defendants' on- and off-site computer systems and removable electronic media, plus all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data. All operating systems, software, applications, hardware, operating manuals, codes keys and other support information needed to fully search, use, and access the electronically stored information.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);

- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO)

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

In order to assure that your obligation to preserve documents and things will be met, please forward a copy of this letter to any and all persons and entities with custodial responsibilities for the items referred to herein. Notify all individuals and affiliated organizations of the need and duty to take the necessary affirmatives steps to comply with the duty to preserve evidence.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data and/or evidence relevant to potential claims and to take reasonable efforts to preserve such data and/or evidence.